UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard D. Salters, II, | ) C/A No.  4:13-1612-MGL-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Todd Tucker/Assistant Prosecutor | ) |
| Karen Parott/Public Defender | ) |
| Lt. Joseph Cooper/Lake City Police Department; | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter comes before the Court upon remand from the District Court for further consideration in light of information provided by Plaintiff in his objections to the undersigned's initial Report and Recommendation filed October 30, 2013.  Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Plaintiff asserts in his Complaint that he is being subjected to malicious prosecution by Defendants because he is innocent of the pending state charges and they should be dismissed against him. ECF No. 1, Compl. 4.  Plaintiff asks this Court to "issue an injunction on the state [murder-related charges]" and to award him one million dollars from each Defendant for "slander, false arrest, . . . [and] ineffective assistance of counsel . . . ." Id. at 5. He also asks the Court to exercise "Imbler v. Patchman, 424 U.S. 409, 431 (1976)" on all three Defendants. Id.

In the Report previously filed, the undersigned recommended that Plaintiff's Complaint be summarily dismissed for the same reasons as set forth in the Court's Report and Recommendation in 4:13-1182-MGL, another case filed by Plaintiff alleging similar facts and claims. As the District Court declined to accept the Report in C.A. 4:13-1182 based on additional information provided by Plaintiff in his objections, the District Court likewise remanded this case to the undersigned for further consideration.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Amended Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. De'Lonta v. Angelone, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). However, even

2

under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983.  To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted).

3

Plaintiff sues Defendant Todd Tucker whom Plaintiff identifies as being an assistant solicitor in Florence, SC. To the extent Defendant Tucker was acting as a prosecuting attorney, he is entitled to immunity from suit. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). To the extent that Plaintiff raises any allegations against this Defendant stemming from his role as a state prosecutor, he is entitled to summary dismissal.

Plaintiff's claims as to Defendant Karen Parott arise from his dissatisfaction with her performance as his public defender with regards to his state criminal case. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir.1980). The Defendant, a public defender appointed to act as Plaintiff's criminal defense counsel, is not a "person acting under color of state law" within the meaning of § 1983. See generally, Deas v. Potts, 547 F.2d 800 (4th Cir.1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."). "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk Cnty. v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.' " Id. at 319 n. 9 (quoting In re Griffiths, 413 U.S. 717, 729, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973)). It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as

4

counsel. <u>See Polk Cnty.</u>, 454 U.S. at 317–24 (1981) (public defender); <u>Hall</u>, 631 F.2d at 1155–56 (4th Cir.1980) (court-appointed attorney); <u>Deas</u>, 547 F.2d at 800 (4th Cir.1976) (private attorney); <u>see also Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) ("Careful adherence to the 'state action' requirement ... also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."); <u>Fleming v. Asbill</u>, 42 F.3d 886, 890 (4th Cir.1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."). Defendant Parott is not amenable to Plaintiff's § 1983 claim. Plaintiff's complaint should be dismissed as to Defendant Parott, because she, as Plaintiff's public defender, has not acted "under color of state law" during her legal representation of Plaintiff.

## <u>RECOMMENDATION</u>

Accordingly, it is recommended that the District Court dismiss Defendants Todd Tucker and Karen Parott from this case.  <u>See Denton v. Hernandez</u>; <u>Neitzke v. Williams</u>; <u>Haines v. Kerner</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-04 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>; <u>Todd v. Baskerville</u>, 712 F.2d at 74; <u>see also</u> 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). In a separately-filed order, the undersigned is authorizing service of process upon Defendant Lt. Joseph Cooper.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

November 17, 2014
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).